Filed 11/8/24  P. v. Pineda CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DUARTE PINEDA,<br><br>    Defendant and Appellant. | H052021, H052036<br>(Santa Clara County<br> Super. Ct. Nos. C2114310, C1756277) |

## I. INTRODUCTION

These appeals involve two proceedings that this court has ordered to be considered together for the purposes of briefing and disposition.  In superior court case No. C2114310 (hereafter case 1), defendant Duarte Pineda pleaded no contest to one count of attempted murder (Pen. Code, §§ 187, subd. (a), 664)[1] and one count of assault with a deadly weapon (§ 245, subd. (a)(1)).  Defendant also admitted an allegation that he used a deadly and dangerous weapon (a knife) in committing the attempted murder (§ 12022, subd. (b)(1)).  In superior court case No. C1756277 (hereafter case 2), defendant pleaded no contest pursuant to a plea agreement to one felony count of cultivating marijuana causing harm to the environment (Health & Saf. Code, § 11358,

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

subd. (d)) and one misdemeanor count of illegal deposit of refuse into the waters of the State of California (Fish & G. Code, § 5652).

The two cases were combined for sentencing. The trial court sentenced defendant to the middle term of seven years for the attempted murder count and a consecutive term of one year for the use of a deadly and dangerous weapon enhancement, for a total sentence of eight years. The trial court imposed and stayed under section 654 a three-year term for the assault with a deadly weapon count, and for the offenses in case 2, it imposed sentences running concurrently to the sentence in case 1.

Defendant's appointed counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) that states the cases and facts but raises no issues. This court notified defendant of his right to submit written argument on his own behalf within 30 days. That period has elapsed, and this court has received no response from defendant.

Pursuant to *Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106 (*Kelly*), we have carefully reviewed the entire record in both cases and determined that there are no arguable issues on appeal that would result in a disposition more favorable to defendant. Following the California Supreme Court's direction in *Kelly,* we provide a brief description of the facts and procedural history of the cases, the crimes of which defendant was convicted, and the punishment imposed. (*Kelly*, *supra*, at p. 110.)

## II. BACKGROUND

For case 1, the probation officer's presentencing report stated the following factual background. In October 2021, defendant returned home, woke up his roommate, and challenged the roommate to fight him. The roommate replied that he wanted to continue sleeping, at which point defendant accused his roommate of being physically involved with a woman defendant considered to be his girlfriend. Defendant then left the room and returned with a knife. Defendant told the roommate " 'I'm going to kill you' " and then stabbed the roommate multiple times. Police responded to the home and found the

2

roommate on the ground covered in blood with a 10-inch knife blade in the back of his shirt. The roommate was treated for two stab wounds to the back, one stab wound to the chest, and a large laceration on the side of his face. Defendant told police he stabbed his roommate because he believed his roommate was romantically involved with the woman defendant considered to be his girlfriend.

The probation officer's presentencing report does not contain a factual background regarding defendant's offenses in case 2.[2]

A complaint in case 1 specified one count of attempted murder with an allegation that defendant personally used a deadly and dangerous weapon, a knife (§§ 187, subd. (a), 664, 12022, subd. (b)(1)), and one count of assault with a deadly weapon (§ 245, subd. (a)(1)). Defendant pleaded no contest to the two charged offenses, and admitted the use of a deadly and dangerous weapon allegation. In case 2, a complaint specified six counts: felony cultivation of marijuana causing harm to the environment (Health & Saf. Code, § 11358, subd. (d); count 1); felony depositing a hazardous substance (§ 374.8, subd. (b); count 2); misdemeanor unlawful and substantial diversion and obstruction of California waters (Fish & G. Code, § 1602, subd. (a); count 3); misdemeanor illegal deposit of refuse into California waters (Fish & G. Code, § 5652; count 4); misdemeanor water pollution (Fish & G. Code, § 5650, subd. (a)(6); count 5); and misdemeanor possession for sale of marijuana (Health & Saf. Code, § 11359,

---

[2] A sheriff's incident report is included within the appellate record for case 2. Defendant did not specify that the sheriff's report provided the factual basis for his pleas in case 2; however, in order to provide a brief general factual background regarding this matter, the sheriff's report provides the following synopsis: "[Another suspect and defendant] were arrested while cultivating 10,490 marijuana plants with the intent to sell the harvest, next to Berryessa Creek on multiple parcels belonging to different private parties. [Another suspect and defendant] diverted and obstructed a waterway to irrigate their marijuana plants. [Another suspect and defendant] deposited litter in and near Berryessa Creek. They also deposited rat poisons and other fertilizers where it can pass into the waterway and is del[e]terious to plant and animal life."

subd. (b); count 6). Pursuant to a plea agreement, defendant pleaded no contest to counts 1 and 4.

At a combined sentencing hearing, the trial court sentenced defendant to the middle term of seven years on the attempted murder count, with an additional year imposed for the use of a deadly and dangerous weapon enhancement. The trial court imposed a middle term sentence of three years on the assault with a deadly weapon count, with the sentence stayed pursuant to section 654. Concerning case 2, the trial court imposed a concurrent sentence of 16 months for count 1 with the sentence "deemed completed and served and satisfied at this time" based on custody credits. The trial court imposed a sentence of 180 days in county jail for count 4, with the sentence running concurrently and the sentence "deemed served and satisfied." At sentencing, the trial court dismissed the remaining counts in case 2.

## III. DISCUSSION

Pursuant to *Wende*, *supra*, 25 Cal.3d 436, and *Kelly*, *supra*, 40 Cal.4th 106, we have carefully reviewed the entire record in both cases. We conclude that there is no arguable issue on appeal that would result in a disposition more favorable to defendant. (*Wende*, *supra*, at pp. 441–443.)

## IV. DISPOSITION

The judgment is affirmed.

_____
BAMATTRE-MANOUKIAN, J.

WE CONCUR:

_____
GREENWOOD, P.J.

_____
WILSON, J.

*People v. Pineda*
**H052021**
**H052036**